Franklin D. MOORE et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 50676.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Henry Moore, Hillsboro, for Moore.

William L. Fly, San Marcos, for Glenn.

Robert G. Dohoney, Hillsboro, for Dawkins.

Frank Bobbitt McGregor, Dist. Atty., Hillsboro, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals are taken from convictions in a joint trial before a jury for felony theft under the former Penal Code. The punishment was assessed by the jury at nine (9) years for each appellant.

At the outset we are confronted with the claim of the appellants that the indictment is fatally defective for failure to sufficiently describe the property allegedly stolen. Omitting the formal parts, the indictment states that the appellants "did then and there unlawfully and fraudulently take Personal property of over the value of $50.00 to wit: barbed wire of the value of over fifty Dollars, the same then and there being the corporeal personal property of and belonging to Morris Peterson . . .."

Article 21.09, Vernon's Ann.C.C.P., provides:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient. . . ."[1]

In *Moore v. State*, 473 S.W.2d 523 (Tex. Cr.App.1971), this court took note of Article 21.09, supra, while holding fundamentally defective an indictment which merely alleged that the defendant unlawfully and fraudulently took tires of the value of over $50.00 without any statement as to the number or kind of tires taken.

In *Moore v. State*, supra, the court said:

1. Article 21.09, Vernon's Ann.C.C.P., was amended by Acts 1975, 64th Leg., p. 909, ch. 341, Sec. 2, effective June 19, 1975. Such amendment is not applicable to this case.

"In *Matthews v. State,* 39 Tex.Cr.R. 553, 47 S.W. 647; 39 Tex.Cr.R. 553, 48 S.W. 189, a case decided under a forerunner of the present statute, this court called attention to the fact that our practice had been more liberal with reference to a general description than was the common law and said:

" 'But we know of no case in this state that holds an indictment sufficient which does not in some way designate the number of things or animals alleged to have been stolen; and we hold that, if any case could be found, it would not be supported by authority.'

"In *Luce v. State* (1920) 88 Tex.Cr.R. 46, 224 S.W. 1095, it was held that a description of property which is merely a classification, without stating the number and kind of property, is insufficient. And in *Scott v. State* (1934) 125 Tex.Cr.R. 396, 67 S.W.2d 1040, it was held that an indictment charging embezzlement of 'certain lubricating oil' but not describing quantity or kind of oil was insufficient. See also 5 Branch's Ann.P.C., 2d ed., Sec. 2611, pp. 61, 62.

"In *Oakley v. State* (1959) 167 Tex. Cr.R. 630, 323 S.W.2d 43, the indictment alleged the defendant did 'fraudulently take seed of the value in excess of $50.00.' There this court held that the description of the property taken contained in the indictment was so fundamentally defective as to require reversal even though there was no motion to quash. *Luce v. State,* supra; *Scott v. State,* supra; *Howk v. State,* 138 Tex.Cr.R. 275, 135 S.W.2d 719; *Leos v. State,* 155 Tex.Cr.R. 478, 236 S.W.2d 817, were cited with approval. Cf. *Mankin v. State* (Tex.Cr.App. 1970) 451 S.W.2d 236, 241. We are aware of the holding in *Young v. State* (1940) 139 Tex.Cr.R. 509, 141 S.W.2d 315 that 'one automobile tire' was a sufficient description and that 'one tire of the value of ten dollars' and 'one wheel of the value of ten dollars' were held an adequate description of stolen property alleged in the information in *Hendley v. State* (Tex.Cr.

App.1958), 313 S.W.2d 296. These cases indicate our rather liberal practice as to allegations concerning property description.

"In the instant case, however, neither the number or the kind of tires was alleged.

"Therefore we conclude that the instant indictment charging only that the appellant took 'tires of value of over $50.00' was fundamentally defective and the court erred in overruling the motion to quash."

We deem the *Moore* case here controlling.

■ It must be remembered that it is the intent of Article I, Sec. 10 of the Texas Constitution that an accused in a particular case must be furnished information upon which he may prepare his defense, and this information must come from the face of the indictment. *Voelkel v. State,* 501 S.W.2d 313 (Tex.Cr.App.1973).

■ It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language. *Moore v. State,* supra; *Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Cr.App. 1975).

■ Further, the rule is that an offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense. *Gaines v. State,* 501 S.W.2d 315 (Tex.Cr.App.1973); *Wilson v. State,* supra.

■ We conclude that the court erred in failing to grant the motions to quash the indictment.

While these cases must be reversed, we take note of the question of the sufficiency of the evidence in the event of a retrial.

The appellants all challenge the sufficiency of the evidence to sustain the convictions.

The record reflects that on January 24, 1973, some sixteen or seventeen rolls or spools of barbed wire[2] were stolen from the Gebo's Farm and Supply Company in Hillsboro. The manager of the company testified he had not given the appellants permission to take any barbed wire. He related the hole in the fence that he observed around midnight of January 24th had not been there when the business was closed the afternoon before.

Appellant Glenn, while the other appellants were present, rented a U-Haul trailer near the city of West about 8:30 p.m. on January 24, 1973. At 9:30 p.m. the threesome were placed in the Amvet Club in Hillsboro by the manager of this club, located two and a half blocks from Gebo's. He saw them drinking and overheard a conversation concerning the need to acquire money "to get out of some kind of deal over in East Texas." At approximately 10 p.m. Hillsboro City Policeman Knox noticed a car with a U-Haul trailer attached parked in the Gebo's lot. He thought he saw two or three men in the automobile and circled back to investigate, losing sight of the scene momentarily. When he returned, he saw only the appellant Glenn lying inside the car, intoxicated and only half conscious. Glenn's hands were cut and bleeding. He did not have any keys to the car, which was later determined to belong to appellant Dawkins. Inside the car were found three pair of gloves, one apparently blood soaked and badly shredded, while the other two were not so badly torn.

A chain link fence surrounding part of the Gebo property had a hole or an opening cut into it, and there appeared to be blood traceable from the hole to the part of the property where the barbed wire was stored. Some of the rolls or spools of wire still in the store appeared to have blood on them,

but none of the substance which appeared to be blood was ever chemically analyzed.

Glenn was arrested, and inside the car was found a pistol and a pair of vice grip pliers. Either in the U-Haul trailer or the trunk of the car were some metal bands used to bind fence posts together similar to ones used and sold at Gebo's. Paint chips similar in appearance to galvanizing agent on barbed wire and wire stripping similar to that used to hold rolls of barbed wire together were found. Dawkins and Moore were not placed at the scene.

An unnamed informant told a deputy sheriff the next morning the stolen barbed wire could be found outside Hillsboro about 15 miles at the Western Inn, operated by a Nick Rogers. The officers found the wire there and talked to Rogers, but he was not called as a witness as he could not be found. Moore was shown to have been arrested on a warrant in McLennan County, although the record does not show when or where Dawkins was apprehended.

It is clear from the above that the case rests upon circumstantial evidence and the court so instructed the jury.

In 24 Tex.Jur.2d, Evidence, Sec. 742, p. 422, it is stated:

> "In criminal cases, a judgment of conviction, to be sustained on appeal, must be supported by evidence that produces a moral certainty of the guilt of the accused to the exclusion of every reasonable doubt. The evidence will be insufficient to sustain the conviction where, although not leaving the accused free from suspicion of guilt, it still fails to show his guilt to a moral certainty, so as to exclude all reasonable doubt."

■ As noted above, a conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that the accused is guilty. Proof which amounts

---

**2.** The discrepancy in number is due to the fact that sixteen rolls were recovered, but the manager stated that the inventory checks revealed seventeen rolls were in fact missing.

only to a strong suspicion or mere probability is insufficient. *Higgins v. State*, 515 S.W.2d 268 (Tex.Cr.App.1974); *Indo v. State*, 502 S.W.2d 166 (Tex.Cr.App.1973); *Flores v. State*, 489 S.W.2d 901 (Tex.Cr. App.1973); *Culmore v. State*, 447 S.W.2d 915 (Tex.Cr.App.1969).

In determining whether circumstantial evidence is sufficient to support a conviction, each case must necessarily be tested by its own facts. *Ysasaga v. State*, 444 S.W.2d 305 (Tex.Cr.App.1969).

Ordinarily, the test on appeal is whether there was evidence from which the jurors (advised of the restrictions the law places upon them in condemning one on circumstantial evidence) might reasonably conclude that every reasonable hypothesis other than guilt was excluded. *Ysasaga v. State*, supra. Mere presence in the vicinity of a crime, even when coupled with flight, is not alone sufficient to sustain a conviction. *Ysasaga v. State*, supra.

The evidence here reflects a person or persons unknown took the rolls of barbed wire from Gebo's store sometime between the closing of the store and approximately 10 p.m. on January 24, 1973. Sixteen rolls of the barbed wire taken were recovered at Western Inn operated by Nick Rogers. The evidence does not place any of the appellants in possession of the stolen property and neither Moore nor Dawkins was placed at the scene of the alleged offense. The most incriminating evidence against Moore and Dawkins was that they were with Glenn when he rented a trailer in West and were with him in a club talking about needing money. Of course, Glenn was found in Dawkins' car, but Dawkins was not shown to be present at the time.

From the facts in the record, the State has only shown a possibility and a suspicion that the appellants Moore and Dawkins were guilty parties. Even when construed in the light most favorable to the jury's verdict, the evidence is insufficient to meet the required test and to sustain the convictions of Moore and Dawkins.

As to the appellant Glenn, the evidence is somewhat incriminating. He was found in a car near the scene of the burglary with his hands cut, with bloody gloves, and there appeared to be blood in the area near where the offense occurred, although such substance was not chemically analyzed. He was not found in possession of any stolen barbed wire and Officer Knox testified his intoxicated condition would have prevented Glenn from carrying the spools of barbed wire. While there were metal bands, wire stripping and paint chips found in the car or trailer which would have been present if the offense charged had indeed been committed as the State theorizes, it cannot be said that all other reasonable hypotheses for the presence of these items were excluded. There was no showing of the condition of the trailer at the time of rental to exclude facts the paint chips were not then present or that the paint chips observed had come from barbed wire and no other source. While the metal bands and wire stripping were described as similar to those used by Gebo's, there was no testimony that such metal bands, etc., wire stripping used exclusively by Gebo's, nor were any of such items identified as being items that actually came from Gebo's.

As noted above, mere presence at the scene of the crime is not sufficient alone to show guilt and when that, coupled with all the other circumstances, is considered, the proof as to Glenn's guilty amounts only to a strong suspicion or mere probability. This is not sufficient. *Higgins v. State*, supra.

For the reasons stated, the convictions must not only be reversed because of the defective indictment, but for lack of sufficient evidence to sustain the convictions.

The judgments are reversed and dismissed under the present indictment.