Ezell WILLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53376.

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Michael S. Sundquist, Dallas, court appointed, for appellant.

Henry Wade, Dist. Atty., and Sue La-Garde, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft of "merchandise" of the value of at least $20.00 but less than $200.00. The court assessed punishment at 90 days in jail and Willis duly perfected this appeal.

The complaint and information upon which this prosecution was instituted alleged the theft of "merchandise." This description of the property alleged to be stolen was insufficient under previous decisions of this Court then in effect.

Article 21.09, V.A.C.C.P., provided:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient. . . ."[1]

In Luce v. State, 88 Tex.Cr. 46, 224 S.W. 1095 (1920), we held that an indictment for swindling which described the property as "furniture and equipment" was insufficient. In Scott v. State, 125 Tex.Cr.R. 396, 67 S.W.2d 1040 (1934), an embezzlement indictment which described property as "certain lubricating oil" was held insufficient. In Howk v. State, 138 Tex.Cr.R. 275, 135 S.W.2d 719 (1940), an indictment for swindling was held defective where the property was described only as "personal property of the value of $6.00." In Leos v. State, 155 Tex.Cr.R. 478, 236 S.W.2d 817 (1951), a theft indictment described the property which was alleged to have been stolen as "oil field equipment of the value of over $50.00." This indictment was held to be fatally defective. In Oakley v. State, 167 Tex.Cr.R. 630, 323 S.W.2d 43 (1959), a theft indictment which alleged the stolen property to be "seed of the value in excess of $50" was held fundamentally defective even though no motion to quash had been filed. More recently, in Moore v. State, 473 S.W.2d 523 (Tex.Cr.App.1971), a theft indictment which alleged the stolen property to be "tires of the value of over $50.00" was held fundamentally defective. Only this year, in Moore v. State, 532 S.W.2d 333 (Tex.Cr.App.1976), the description of stolen property in a theft indictment as "barbed wire" was held insufficient.

In the instant case the description of the alleged stolen property as "merchandise" is less descriptive than "tires" or "barbed wire."

The judgment of conviction is reversed and the prosecution is ordered dismissed.[2]

---

1. Effective June 19, 1975, this statute was amended to read:

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice."

2. The writer is following past decisions but would change the rule (when a majority agrees) and hold that absent an exception to, or motion to set aside, the complaint and information the matter would not be subject to review on appeal.