**Ex parte Joe Ben CANADY.**

**No. 55503.**

Court of Criminal Appeals of Texas, En Banc.

March 22, 1978.

No appearance for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, for the State.

## OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

---

On May 14, 1970, petitioner was convicted by a jury of robbery with firearms in Cause No. 10,197 in the 196th Judicial District Court of Hunt County. Punishment was assessed at 45 years' imprisonment, and the appeal was not perfected.

Petitioner's application alleges the indictment upon which he was convicted is fundamentally defective, an issue which may be properly raised in a post conviction writ of habeas corpus. *Ex parte Garcia*, Tex.Cr. App., 544 S.W.2d 432; *Ex parte Lopez*, Tex. Cr.App., 549 S.W.2d 401; *Ex parte Fontenot*, Tex.Cr.App., 550 S.W.2d 87.

The indictment alleges, in pertinent part, that on or about February 19, 1970, petitioner:

"did then and there unlawfully and wilfully make an assault upon the person of Pauline Taylor hereinafter styled injured party, and did then and there by the said assault and by violence to the said injured party, and by then and there putting the said injured party in fear of life and bodily injury and by then and there using and exhibiting a fire-arm, to-wit: .32 caliber revolver did then and there fraudulently take from the person and possession of said injured party, corporeal personal property then and there belonging to said injured party; without the consent and against the will of said injured party, and with the fraudulent intent then and there on the part of said defendant to deprive the said injured party of the value of the same, and with the intent to appropriate the same to the use and benefit of said defendant."

Specifically, petitioner contends the description of the property taken as "corporeal personal property" is insufficient. In *Mankin v. State*, Tex.Cr.App., 451 S.W.2d 236, the defendant's amended motion for rehearing raised, for the first time, the contention that the indictment was fundamentally defective because the property taken was described only as "corporeal personal property". In upholding the defendant's contention, this Court said:

"While the rule as to sufficiency of an indictment to advise the accused with reasonable certainty of the accusation he is called upon to meet at the trial is not applied in later decisions of this court as strictly as it once was, the common law rule that robbery is but an aggravated form of theft, and that in charging the offense or [sic] robbery, as in charging larceny or theft, a description of the property taken is essential has been uniformly applied. *Wilson v. State*, 171 Tex. Cr.R. 391, 356 S.W.2d 928; *Holland v. State*, 110 Tex.Cr.R. 384, 10 S.W.2d 561, and cases cited.

"The indictment which is found in the record on appeal contains *no* description of the corporeal personal property alleged to have been taken in the robbery.

"*Wilson v. State*, supra, is directly in point and supports appellant's contention that the indictment herein is fundamentally defective and the conviction thereon cannot stand." *Mankin*, supra, at page 241.

The dissent in this case cites and relies upon *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598, to stand for the proposition that a property description will not be deemed defective absent a motion to quash unless "the defect be of such a degree as to charge no offense . . . ." *American Plant Food Corporation v. State*, supra, at 604. We agree with this holding. However, the dissent states that a description of "corporeal personal property" is sufficient to charge an offense absent a motion to quash. With this we cannot agree.

In the recent case of *Rhodes v. State*, 560 S.W.2d 665 (delivered January 18, 1978), a case not cited by the dissent, we specifically interpreted our holding in *American Plant Food* with regard to property descriptions under Article 21.09, V.A.C.C.P. In *Rhodes*, we stated:

"This matter of the degree of deficiency referred to in general terms in *American Plant Food* is equally appropriate regarding claimed deficiencies in the description of property under Art. 21.09, supra. This line of demarcation between defects of substance and those of form

explains why some descriptions of property are fundamentally defective and others must be challenged by motion to quash. . . . An examination of the two cases decided after *American Plant Food* demonstrates proper application of these principles. These cases are *Willis v. State*, 544 S.W.2d 150 and *Moore v. State*, 532 S.W.2d 333.

"In *Moore*, supra, we reversed because the trial court 'erred in failing to grant the motions to quash the indictment' for felony theft in which the property was described as, 'barbed wire of the value of over fifty dollars, the same then and there being the corporeal personal property of and belonging to Morris Peterson.'

"In *Willis*, supra, a theft indictment was held fundamentally defective in the absence of a motion to quash. The property was described simply as 'merchandise.'

" 'Merchandise' is so general and non-descriptive as to constitute no allegation of the property at all. It could as well have alleged merely 'property.'

\*      \*      \*      \*      \*      \*

"Consequently, we hold that a defect in the description of property under Art. 21.09, supra, must be raised by a motion to quash, and may not be raised for the first time on appeal, *unless* the description is so deficient as to be no description at all and to constitute a jurisdictional defect, as was the case in *Willis*, supra."

It is apparent that "merchandise" is a more specific description than "corporeal personal property"; and yet, we have held "merchandise" a fatally defective description. We adhere to our decision in *Rhodes v. State*, supra, and *Willis v. State*, supra. For these reasons, we find the property description in the instant indictment so deficient as to be no description and hold the indictment fundamentally defective.

The relief is granted; the conviction in Cause No. 10197 is set aside and the indictment is ordered dismissed.

VOLLERS, Judge, dissenting.

The majority holds that a description of property allegedly taken in a robbery with firearms indictment which reads "corporeal personal property" is "fundamentally" defective and therefore properly challenged for the first time by writ of habeas corpus. I disagree.

In *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598 (1974) it was pointed out that a defect in the State's pleading for failure to allege facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give the defendant notice of what he is charged with would not render an indictment or information void or insufficient to support a conviction, but merely subject it to being vulnerable to an exception as to form under Article 27.09(2) and 21.21(7) C.C.P. It was also noted that unless the deficiency under Article 21.21(7) be in such degree as to utterly fail to charge that an offense against the law was committed by the defendant, then it is objectionable only as to form and not as to substance. That appears to be precisely the issue which is presented here.

In this case the only defect alleged in the pleading is that the description of the property taken in the robbery was "corporeal personal property." It should be noted that the provisions of Article 1408, Vernon's Ann.P.C. (1925), in effect at the time of this offense, prohibit the taking from the person or possession of another by violence or threats "any property" with intent to appropriate the same. From an examination of this statute, it is clear that the element of taking property is covered by the allegation of the taking of *any* property, and the description of the property goes only to notice and sufficiency of the pleading. As pointed out in *American Plant Food*, supra, this must be raised by a motion to quash the indictment.

The majority relies on *Wilson v. State*, 171 Tex.Cr.R. 390, 356 S.W.2d 928 (1961) for its determination that the robbery indictment before us which describes the property taken as "corporeal personal property" is "fundamentally" defective. However, that

case was before this Court on direct appeal and although the opinion does not recite whether such insufficiency was raised at the trial,[1] the reason such description was found defective, as stated by this Court, was that "without a further description, *the accused was not put on notice* as to what he was alleged to have taken . . . ." 356 S.W.2d 928 at 929. (Emphasis added.)

The majority also relies upon *Mankin v. State*, 451 S.W.2d 236 (Tex.Cr.App.1970) as authority for its determination here. Notwithstanding the erroneous conclusion in *Mankin* at page 241 that "*Wilson v. State* . . . is directly in point,"[2] this Court recited that the insufficiency of "corporeal personal property" as a description in a robbery indictment is that such fails " . . . to *advise the accused* with reasonable certainty *of the accusation* he is called upon to meet at the trial . . . ." 451 S.W.2d 236 at 241. (Emphasis added.)

It should also be noted that insufficient property description of the robbery indictment has also been determined by this Court to be inadequate for the reason that it fails " . . . *to render available* in the event of a second prosecution, *a plea of once in jeopardy.*" *Byrd v. State*, 456 S.W.2d 931 at 932 (Tex.Cr.App.1970). (Emphasis added.)

*Mankin v. State*, supra, was decided prior to *American Plant Food* and is in direct contravention of the rule laid down in *American Plant Food.*[3]

Failure of the defendant to object by motion to quash as to insufficiencies regarding notice and sufficiency of the pleading as a basis for a plea in jeopardy illustrates that he has found the charge adequate. "He may not wait to see whether the jury will acquit him, and then, upon an adverse verdict, claim for the first time that he had no notice or that the charge will not bar a subsequent conviction. Only if the defect be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time (after trial)." *American Plant Food*, supra.[4]

I take no issue with the finding of the majority that the property description contained in the robbery indictment before us is insufficient. The appropriate objection to the property description, as stated in the majority opinion, is the failure to " . . . advise the accused with reasonable certainty of the accusation he is called to meet at trial. . . ." The majority asserts neither that the indictment before us fails to allege the constituent elements of robbery, nor that it utterly fails to charge that an offense against the law was committed by the petitioner. Yet the majority labels the error "fundamental." Such a conclusion is in error. The determination of fundamental defect in *Mankin*, supra, was apparently based on the gratuitous use in *Wilson* of the description of

1. A review of the original record on appeal reveals that a proper motion to quash was filed on behalf of Wilson, excepting to the failure of the indictment to describe the property taken with more specificity. The motion to quash was improperly overruled by the trial court, thus this Court correctly reversed on appeal.

2. Because the objection to the property description by motion to quash was erroneously overruled by the trial court in *Wilson*, that case was procedurally inapposite to making the determination of error in *Mankin* where objection to "corporeal personal property" as a description in the robbery indictment was raised for the first time on amended motion for rehearing. See, n.1, supra.

3. "The . . . two requirements . . . that the State's pleading must allege *facts* (1), *sufficient to bar a subsequent prosecution* for

the same offense and (2) sufficient to *give the defendant notice of precisely what he is charged with* . . . are . . . grounds for an exception to the form . . . , and not for an exception to the substance . . . . Clearly any such defect would not render the information void . or insufficient to support a conviction." 508 S.W.2d 598 at 603. (Emphasis added.)

4. It should be noted that in his Original Application for Writ of Habeas Corpus the petitioner recites as reasons for his present first objection to the indictment of this cause that " . . . the description must be sufficient to inform the accused of the property in question and to render available in the event of a second prosecution, a plea of once in jeopardy."

"fundamental" defect to describe the insufficiency of the property description in a robbery indictment. Because a motion to quash was improperly overruled by the trial court in *Wilson*, the use of the word "fundamental" was not merely gratuitous, it was erroneous.

The erroneous conclusion of *Mankin* that an indictment such as we have in this case is fundamentally defective is in direct conflict with the conclusion of this Court in *American Plant Food*, supra. Although *American Plant Food* in effect overruled *Mankin*, we should do so specifically here. The allegation of "corporeal personal property" alleges the necessary element in question, to-wit: a taking of property. It merely falls short of a sufficient description where there is a pretrial objection to such a description. This insufficiency was waived by the defendant's failure to make a pretrial motion to quash. It cannot be said that this indictment charges "no offense against the law" or that it "fails to allege the constituent elements of the offense." It is therefore not a void indictment. Such an indictment is not subject to collateral attack such as presented in this writ application and I would deny the writ.

DOUGLAS, J., joins.