**Vernon RICHARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57981.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 29, 1978.

Before ROBERTS, PHILLIPS and VOLLER, JJ.

OPINION

PHILLIPS, Judge.

Appellant waived trial by jury and entered a plea of nolo contendere before the court to the offense of theft by check, a Class A misdemeanor. The court assessed punishment at a fine of $300.00. V.T.C.A., Penal Code, Sec. 31.03(d)(3).

The record is before us without a transcription of the court reporter's notes or bills of exception. No brief was filed in the trial court in appellant's behalf pursuant to Article 40.09(9), Vernon's Ann.C.C.P. There is no showing of indigency.

However, there exists a fundamental defect in the charging instrument which requires our attention in the interest of justice. Article 40.09(13), V.A.C.C.P. The information alleges, in pertinent part, that appellant "did then and there unlawfully appropriate property, to-wit: Merchandise . . . ." It is clear that "merchandise" is so insufficient a description as to amount to *no* description and it will render an indictment fundamentally defective. *Willis v. State*, Tex.Cr.App., 544 S.W.2d 150; *Rhodes v. State*, Tex.Cr.App., 560 S.W.2d 665 (1978). No distinction can be properly made when the prosecution rests on an information, as opposed to an indictment. Article 21.21(7), V.A.C.C.P.; *American Plant Food Corp. v. State*, Tex.Cr.App., 508

---

S.W.2d 598. We therefore reverse the conviction and dismiss the prosecution.