John **HARRIS** aka Marcus
Johnson, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 61920.

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 10, 1979.

E. X. Martin, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds and Michael P. Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

**430**

Floyd W. Freed, III, Craig M. Shivers, Houston, for appellant.

Carol S. Vance, Dist. Atty., Kristen E. Moore and Bob Moen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

Appellant was found guilty of the charge of theft of property of the value of over $200 but less than $10,000, following a plea of nolo contendere. Punishment was assessed by the court at three years.

Harris challenges the indictment as being fatally defective for an inadequate description of the property taken. Article 21.09, V.A.C.C.P. The indictment alleges that Harris did

"... appropriate property, *namely property,* owned by RAY PRITCH-ARD, hereafter styled the Complainant, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant." (Emphasis added).

There was no motion to quash filed in the trial court. The matter is being raised for the first time on appeal in appellant's pro se brief. Therefore, if reversible, the indictment must be considered in terms of a fundamental defect. *Rhodes v. State,* 560 S.W.2d 665 (Tex.Cr.App.1978).

In *Rhodes,* the Court compared numerous recent cases in order to determine just when a property description is so vague as to be denoted fundamental error. The Court concluded that a defect must be raised by a motion to quash *unless* the description is so vague as to be no description at all. Only then will it be considered

a jurisdictional defect and capable of being raised for the first time on appeal.

In *Willis v. State,* 544 S.W.2d 150 (Tex.Cr. App.1976), the defendant was charged with theft of "merchandise" of the value of at least $20.00 but less than $200.00. That description was held to be so vague as to render the indictment fundamentally defective. The judgment of conviction was reversed.

■ This writer asserted in *Willis,* and would re-assert today, that such a deficiency goes only to notice to the defendant and not to the jurisdiction of the trial court. Therefore a motion to quash should be required before the matter will be subject to review on appeal. The Court, however, re-affirmed the holding of *Willis* in its disposition of *Rhodes.* There the Court stated:

"'Merchandise' is so general and non-descriptive as to constitute no allegation of the property at all. It could as well have alleged merely 'property.'"

■ The indictment in the case at bar, having alleged merely "property", is insufficient.

The judgment of conviction is reversed and the prosecution is ordered dismissed.