**Sharon K. HOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65248.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 12, 1980.

Rehearing Denied Dec. 17, 1980.

David L. Loving, III, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly and Luke Laman, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft of property with a value of more than $20.00 but less than $200.00. Following her plea of nolo contendere, the court assessed punishment at one day and a $50.00 fine.

In her sole ground of error, appellant contends that the property description as alleged within the information is so vague as to render the information fundamentally defective. This contention was presented to the trial court by way of a motion to quash.

The information alleges that on December 22, 1978, appellant:

" . . . did unlawfully and intentionally appropriate property, namely: merchandise, the exact name and number and kind which is unknown to the affiant, of the value of at least $20.00 but less than $200.00, without the effective consent of Angie Chavez the owner thereof, and with intent to deprive the said owner of said property."

*Willis v. State*, 544 S.W.2d 150, was a prosecution for theft in which the information was found to be fundamentally defective because of an insufficient property description. The information in *Willis* alleged the theft of "merchandise." Likewise, in *Harris v. State*, 587 S.W.2d 429, we found the defendant's indictment which merely alleged the theft of "property" to be fundamentally defective. Finally, in *Moore v. State*, 532 S.W.2d 333, it was concluded that the trial court erred in overruling a motion to quash an indictment which merely alleged the theft of "barbed wire." Also see *Rhodes v. State*, 560 S.W.2d 665; *Richard v. State*, 563 S.W.2d 626.

In *Trigg v. State*, 117 Tex.Cr.R. 536, 34 S.W.2d 878, the Court found that the trial court erred in overruling the defendant's motion to quash an information which alleged the taking of "Groceries, the amount and kind unknown, and the balance in cash of the value of Fifteen and 8/100 dollars." At the time of the trial in *Trigg*, Art. 403 of the 1925 Code of Criminal Procedure was in effect and provided:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient. If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same."

Art. 21.23, V.A.C.C.P. provides that the rules with respect to allegations in an indictment and the certainty required apply also to an information. With regard to the description of property within an indictment, Art. 21.09, V.A.C.C.P. provides:

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. *When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice.* If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same." (Emphasis added).

The record reflects that the instant prosecution resulted from appellant's act in passing a worthless check in return for certain merchandise. Presumably, by the time appellant's check was returned to the merchant, there was no way to determine the merchandise which appellant actually acquired with the check.

We find appellant's reliance upon *Willis* and *Harris* to be misplaced. The informations in those cases did not contain the allegation that the exact name, number and kind of the stolen property was unknown. Art. 21.09, supra, specifically provides for the allegations which must be made when property cannot be described by name, number and kind.

We conclude that the description of the property as merchandise *coupled* with the allegation that the exact name, number and kind was unknown is sufficient under Art. 21.09, supra. Appellant's information is not fundamentally defective nor did the trial court err in overruling the motion to quash.

The judgment is affirmed.