**Cedric Lyle FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59614.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 19, 1980.

---

Larry D. Dowell, Houston, for appellant.

Carol S. Vance, Dist. Atty., W. Scott Carpenter, and Fred E. Reynolds, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery. The jury, after finding appellant guilty, further found that he had been convicted previously of two felonies. The trial court accordingly sentenced him to life imprisonment as an habitual criminal, V.T.C.A., Penal Code, § 12.42(d).

On July 28, 1977, appellant entered a Houston supermarket dressed in women's clothing. He went to the stockroom in the back of the store, where he pulled a pistol out of his purse, pointed it at the assistant manager, Cecil Ham, and forced him to accompany appellant to the booth in which the store's two safes were kept. Appellant produced a pillowcase and directed Ham to open the bottom safe and empty the money into the pillowcase. After Ham complied, appellant ordered him to do the same with the top safe. When Ham replied that the top safe was locked and that he did not know the combination, appellant placed the muzzle of his pistol on Ham's nose and threatened to kill him. Ham then grabbed appellant's wrist and with the assistance of other employees disarmed and subdued him. Ham then pressed the alarm button in the booth to summon the police. During the time they were waiting for the police to arrive, appellant was on the floor, kicking, screaming, and making generalized threats. Ham testified, however, that appellant was not screaming "like he was crazy." In the police car on the way to the station, appellant became violent and kicked out the back window.

Appellant's first and second grounds of error allege, respectively, that the indictment was fundamentally defective for failing to specify the property involved, and that for this reason the trial court erroneously denied his motion for new trial. The indictment, as here relevant, alleges that appellant

"... did while in the course of committing theft of property owned by Cecil David Ham, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol ...."

█ Since there was no pre–trial motion to quash the indictment, reversal is mandated only if the indictment is so defective as to state no offense at all. *American Plant Food Corp.*, 508 S.W.2d 598 (Tex.Cr.App. 1974), appeal dismissed 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975). Appellant contends that *Ex parte Canady*, 563 S.W.2d 266 (Tex.Cr.App.1978), is squarely in point and requires reversal. *Canady* involved an indictment for robbery with firearms under Article 1408 of the former Penal Code. As in the case at bar, the indictment therein failed to describe the property in question. In holding the indictment fundamentally defective, the court noted that under former Article 1408, a completed theft had to be alleged, and that robbery was merely an aggravated form of theft. It was concluded that a description of the property involved was essential to adequately allege the underlying theft.

█ In *Ex parte Lucas*, 574 S.W.2d 162 (Tex.Cr.App.1978), however, *Canady* was held not to apply to an indictment charging aggravated robbery under the present statutes, V.T.C.A., Penal Code, §§ 29.02 and 29.03. The rationale for this conclusion was that under the current Penal Code there is no requirement of a completed theft, but rather that the offense be committed "in the course of committing theft." V.T.C.A., Penal Code, § 29.02(a). The court further stated that under the 1974 Penal Code, robbery is no longer an aggravated form of theft and that failure to describe the property therefore is not fundamental error. Since the offense in the instant case oc-

curred on July 28, 1977, *Lucas* controls. Appellant's first and second grounds of error are overruled.

In his third ground of error, appellant contends that there was reversible error in the trial court's refusal, at the penalty stage of the trial and over timely objection, to give his requested jury instruction on temporary insanity due to intoxication in mitigation of punishment. See V.T.C.A., Penal Code, § 8.04.

Appellant claims that the evidence clearly raised the issue, while the State takes the position that (1) the oral objection was not in accordance with Article 36.14, V.A.C. C.P.,[1] and (2) the evidence was not sufficient to require a charge under said § 8.04. The ground of error was briefed along these lines by both parties. The record reflects, however, the court's ruling was based on a different ground. The indictment alleged two prior felony convictions for enhancement of punishment. It appears to have been the court's position that if the jury found that the allegations as to both prior convictions were "true" then the penalty was fixed by law at life imprisonment, V.T. C.A., Penal Code, § 12.42(d), and the punishment was not within the province of the jury. Further, that if the jury found, at the second phase of a bifurcated trial, that the allegations as to one or both of the prior convictions were "not true," then the matter of assessing punishment would be submitted to the jury in a third phase, or a trifurcated trial, at which time the requested charge concerning mitigation of punishment could be considered.

█ While a charge could be drafted at the second phase of the trial to have limited a charge on voluntary intoxication in mitigation of punishment in its application, and while our statutes do not provide for a trifurcated trial, we do not conclude reversible error in the procedure followed under the circumstances of this particular case. Certainly if a jury finds a defendant has

1. The oral objection was sufficient to comply with this court's interpretation of of Article 36.14, supra, as amended. See *Dirck v. State*,

579 S.W.2d 198 (Tex.Cr.App.1979) (Opinion on Rehearing).

been convicted of two prior felonies as alleged the penalty is fixed by law and it would not be proper for the jury to assess punishment or consider voluntary intoxication in doing so. Further, we noted that the evidence before the jury in the instant case as to the two prior convictions alleged was undisputed. The third ground of error is overruled.

The judgment is affirmed.