Richard Wesley SOVEY, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–654–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 21, 1982.

Rehearing Denied Feb. 11, 1982.

Stephen Lekas, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for theft based upon appellant's waiver of a jury trial, stipulation of evidence confessing guilt and entry of a plea of nolo contendere. After pre-sentence investigation, the appellant was assessed punishment of three years confinement in the Texas Department of Corrections. We find no error in the trial below and affirm.

Appellant's brief advances five grounds of error, the first being the contention that the indictment was fundamentally defective. In relevant part the indictment stated that appellant appropriated "property, namely money, owned by Robert G. Hartman, hereafter styled the Complainant, of the value of over two hundred dollars and under ten thousand dollars, with intent to deprive the Complainant of the property and without the effective consent of the Complainant." Appellant asserts that the indictment is fundamentally defective because it failed to sufficiently describe the

money taken by name, kind, quality or number as required by Art. 21.09 V.A.C. C.P. Appellant relies on *Moore v. State*, 473 S.W.2d 523 (Tex.Crim.App.1971) which held fundamentally defective an indictment for taking "tires" of a value of over fifty dollars without any statement of the number or kind of tires, distinguishing *Young v. State*, 139 Tex.Cr.R. 509, 141 S.W.2d 315 (1940) which held sufficient a description of one tire of a value of two dollars and one wheel of a value of ten dollars. Also relied on is *Willis v. State*, 544 S.W.2d 150 (Tex. Crim.App.1976) holding fundamentally defective allegation of "merchandise" of value of at least twenty dollars but less than two hundred dollars. Also relied on by appellant is *Harris v. State*, 587 S.W.2d 429 (Tex. Crim.App.1979) which held as fundamentally defective an allegation of theft of "property" of value of over two hundred dollars but less than ten thousand dollars. The State relies on *Rhodes v. State*, 560 S.W.2d 665 (Tex.Crim.App.1978) which held not fundamentally defective, no motion to quash indictment having been raised, an indictment for theft of "wall paneling." The State correctly contends that the indictment of the appellant was sufficient to invoke the jurisdiction of the trial court and not fundamentally defective. In *Rovinsky v. State*, 605 S.W.2d 578 (Tex.Crim.App. 1980), it was held that the argument that the indictment was defective because it failed to describe the stolen property with sufficient particularity was not raised by the motion to quash which asserted that the indictment failed to allege the proper value of the property taken. The majority opinion stated that "... the allegation of theft of over $10,000 current money of the United States is sufficient as to value and description."

Similarly, herein the motion to quash because there is a conflict between the indictment and the evidence "does not comport with the ground of error raised on appeal and presents nothing for review." We hold the description of "property, namely, money, owned by Robert G. Hartman ... of the value of over two hundred dollars and under ten thousand dollars ..." sufficiently describes that property to invoke the jurisdiction of the trial court and to support the conviction. In the absence of a motion to quash the indictment for failure to state the actual value of $879.50 appropriated by appellant, there was no fundamental defect.

■ Appellant's second ground of error complains of the trial court's failure to enter findings of fact and conclusions of law as requested in connection with his motion to quash and his motion for evidence favorable to defendant. All the authorities cited relate to the requirements in proceedings for revocation of probation (or to civil cases). Revocation proceedings are not trials in the constitutional sense with reference to criminal cases. *Hulsey v. State*, 447 S.W.2d 165 (Tex.Crim.App.1969). There is no statutory provision or other requirement of findings of fact and conclusions of law with regard to preliminary motions in criminal cases. The appellant's second ground of error has no merit.

■ Appellant's third, fourth and fifth grounds of error relate to the court's error allowing appellant to plead guilty under a condition that he reserve the right to withdraw his plea if probation on an earlier conviction in the State of Illinois was revoked and he was extradited. It is contended in this connection that appellant was led to believe that his right to withdraw continued after the trial judge took the case under advisement, also, that appellant's counsel was ineffective by reason of the allowance of such plea of nolo contendere. The evidence from the testimony of appellant showed that his counsel had advised him that he had a "defensible case" and the record showed that his counsel's fee was not paid. Nothing in the record shows that after the appellant's plea was accepted by the trial court, any revocation of probation or effort to extradite him by the State of Illinois occurred. No effort was made by appellant to withdraw his plea during the month after it was made until he was sentenced. The record actually shows that his counsel, by allowing him to plead nolo contendere and appeal the resulting conviction

(so as to keep any admission or conviction from being final and usable against him until more than five years had expired from his five year probated sentence in November of 1976) effectively arranged for that probation to expire. The three year sentence was within the low range of permissible punishment, and the overall effectiveness of his counsel was not shown inadequate. *Benoit v. State*, 561 S.W.2d 810 (Tex.Crim.App.1977). Since the State did not renege on the recommendations which led to appellant's plea of nolo contendere, no harm was shown to appellant. The record shows that he made the decision to plead nolo contendere after having been advised of the effect. Neither can he complain simply on this basis that his counsel was ineffective. Appellant invited any error in connection with his plea and cannot complain. *Ex Parte Guerrero v. State*, 521 S.W.2d 613 (Tex.Crim.App.1975). Accordingly, appellant's third, fourth and fifth grounds of error are overruled and his conviction is in all things affirmed.