**Joseph Earl CRIFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–105–CR.**

Court of Appeals of Texas,
Waco.

Aug. 4, 1983.

Discretionary Review Refused
Jan. 18, 1984.

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Criminal Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

HALL, Justice.

Upon his plea of guilty to the court without a jury, appellant Joseph Earl Criff was convicted for the offense of aggravated

robbery under the 1974 Penal Code, V.T.C.A. Penal Code § 29.03(a)(2). The court assessed punishment at confinement in the penitentiary for 14 years. The sufficiency of the evidence to support the plea and conviction is not contested by appellant.

In its pertinent parts, the indictment alleges that appellant "did then and there unlawfully while in the course of committing theft of property owned by JAMES DUNBAR hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a firearm." In his first ground of error, appellant contends that the indictment was fundamentally defective for failure to describe the property taken from the complainant and that such failure violates the mandatory provisions of Vernon's Ann.C.C.P. art. 21.09. This specific contention has been held untenable by our Court of Criminal Appeals. *Ex parte Lucas,* 574 S.W.2d 162, 164 (Tex.Cr.App.1978); *Franklin v. State,* 607 S.W.2d 574, 576 (Tex.Cr.App.1980); *Hill v. State,* 568 S.W.2d 338, 339 (Tex.Cr.App.1978). The gist of these decisions is that although the provisions of C.C.P. art. 21.09 were applicable to a robbery indictment under the pre-1974 Penal Code because the offense was an aggravated form of theft, they do not apply to robbery indictments under the 1974 Penal Code since that offense is assaultive in nature.

The offense charged against appellant was committed on November 21, 1981. Appellant was 15 years old at that time, having been born on July 1, 1966. The juvenile court waived jurisdiction and transferred appellant to the Criminal District Court for trial as an adult by its order rendered on January 25, 1982. The Criminal District Court held an examining trial on February 19, 1982. Upon a finding of probable cause that appellant had committed the offense, the court bound appellant over for action by the grand jury. The indictment was returned on February 24, 1982.

Appellant complains that the Criminal District Court erred in refusing to require the State, at the examining trial, to present evidence with respect to the matters enumerated in V.T.C.A., Family Code § 54.02(f). This portion of the Family Code enumerates the matters which a juvenile court should consider when it is called upon to make a decision concerning waiver of its jurisdiction. We overrule this contention.

Appellant's examining trial was held in accordance with the following provisions of § 54.02(h) of the Family Code: "On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure ... The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court."

Appellant complains that the Criminal District Court erred in refusing to require the State, at the examining trial, to present evidence with respect to the matters enumerated in § 54.02(f) of the Family Code. This section enumerates the matters which a juvenile court should consider when it is called upon to make a decision concerning waiver of its jurisdiction. We disagree with appellant. This identical contention was examined and rejected by the San Antonio Court of Civil Appeals, speaking through Chief Justice Cadena, in *Q———— V———— v. State,* 564 S.W.2d 781, 785 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). Chief Justice Cadena concluded that there is nothing in the Family Code indicating that the examining trial conducted by the Criminal District Court after transfer must be, in effect, a second hearing on the question of waiver of juvenile court jurisdiction; and that the only issue at the examining trial is probable cause for grand jury action. He reasoned that appellant's contention is inconsistent with the provision in § 54.02(h) that, after transfer, the juvenile shall be treated as an adult, and that all proceedings thereafter shall be governed by the Code of Criminal Procedure, saying:

"The examining trial conducted by the Criminal District Court is, of course, a 'proceeding' which takes place after the transfer. Therefore, the examining trial is governed by the Code of Criminal Procedure and not by the Family Code, with but one exception. If the Criminal District Court, after conducting the examining trial, concludes that there is no probable cause for holding the child to await the action of the grand jury, it may, instead of ordering the child released, as would be the result in a case involving an adult, remand the child to the jurisdiction of the juvenile court. This sole difference in treatment is due to the express provision contained in the last sentence of § 54.02(h)."

We have not found a definitive ruling on this question by our Court of Criminal Appeals. However, in *Ex parte LeBlanc,* 577 S.W.2d 731, 733 (Tex.Cr.App.1979), the Court said that the examining trial "*at which it is determined that there is probable cause that the accused had committed the alleged offense* is prerequisite to an indictment being returned against a juvenile sought to be tried as an adult." (Italics ours). Moreover, Chief Justice Cadena's construction of § 54.02(h) was followed by two members of the Court of Criminal Appeals in concurring plurality opinions in *White v. State,* 576 S.W.2d 843 (Tex.Cr.App. 1979): Presiding Judge Onion, 576 S.W.2d 848, and Judge Clinton, 576 S.W.2d 850, fn. 4. We also believe this construction of the statute correct, and we follow it.

■ Appellant also argues that even if probable cause for grand jury action was the only issue at the examining trial, the trial court unduly limited his development of evidence on that question. Since this complaint is not supported by a bill of exception or other showing in the record of the evidence appellant was supposedly precluded from presenting, it is not properly before us for review. *James v. State,* 546 S.W.2d 306, 311 (Tex.Cr.App.1977).

The judgment is affirmed.