**Michael SANDERS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–379–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 12, 1984.

Crampton, Crampton & Estrada and Robert G. Estrada, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., Graham, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from an order revoking felony probation. The appellant pled guilty to the offense of theft by check over $200 and under $10,000. The appellant waived trial by jury and stipulated to the evidence in open court and in writing. The court thereafter found the appellant guilty and assessed punishment at 3 years in the Texas Department of Corrections and imposed a fine of $500.00 plus court costs and restitution. The sentence was probated. On August 23, 1983, the State filed a motion to revoke probation, alleging seven violations of the conditions of probation, and upon hearing appellant's probation was revoked and a sentence of 3 years was imposed.

We affirm.

Appellant's grounds of error pertain to the indictment. He was indicted and tried under TEX.PENAL CODE ANN. section 31.06 (Vernon 1976).

Appellant alleges, for the first time on appeal, that the trial court was without jurisdiction to enter an order revoking his probation due to a fundamentally defective indictment and that the trial court erred in finding the appellant guilty due to a fatal variance between the allegations of the indictment as to manner and means of commission of the offense of theft by check, and proof of same.

The indictment in question, excluding the formal parts, charged that the appellant:

"did then and there unlawfully appropriate property, to wit: gasoline of the value of EIGHT HUNDRED AND NINE DOLLARS AND 38/100 Dollars ($809.38) from Carr Oil Company, the owner thereof, without the effective consent of the owner and with intent to deprive said owner of said property by then and there issuing and passing a check on the Farmers National Bank of Newcastle, Texas, to the said owner for the payment of EIGHT HUNDRED AND NINE DOLLARS AND 38/100 Dollars ($809.38) which check was in the tenor following: [copy of check] when said Defendant, the issuer of said check, did not have sufficient funds in and on deposit with said bank for the payment in full of said check, as well as all other checks then and there outstanding upon such funds; and thereafter said check was presented to said bank for payment and payment was refused for want of sufficient funds of the said defendant in and on deposit with said bank."

Appellant argues that the allegation that the appellant "did then and there unlawfully appropriate property, to wit: gasoline" failed to set forth an accusation in plain and intelligible language, thus rendering it fundamentally defective. A defect in a description of property under Art. 21.09, TEX.CODE CRIM.PROC.ANN. (Vernon 1966), to constitute error, must be of such a degree as to charge no offense against the law and be thereby void. Such is a jurisdictional defect which may be raised for the first time on appeal. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Crim.App.1974).

When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient. *Manos v. State*, 659 S.W.2d 662 (Tex.App.—Houston [14th Dist.] 1983). Art. 21.09 TEX. CODE CRIM.PROC.ANN. (Vernon 1966).

The following descriptions have been held fundamentally defective: "oil field equipment of value over $50.00," *Leos v. State*, 155 Tex.Cr.R. 478, 236 S.W.2d 817 (1951); "merchandise," *Richard v. State*, 563 S.W.2d 626 (Tex.Crim.App.1978); "certain lubricating oil," *Scott v. State*, 125 Tex.Cr.R. 396, 67 S.W.2d 1040 (1934); "seed of the value in excess of $50.00," *Oakley v. State*, 167 Tex.Crim. 630, 323 S.W.2d 43 (1959); and "personal property of the value of six dollars," *Howk v. State*, 138 Tex.Crim. 275, 135 S.W.2d 719 (1940).

■ An exhaustive review of prior decisions regarding indictments claimed to be defective in the description of property was made in the case of *Rhodes v. State*, 560 S.W.2d 665 (Tex.Crim.App.1978). There, it was pointed out that an exception to the *substance* of the State's pleading may be raised for the first time on appeal but an exception to *form* must be raised by motion to quash, the Court saying that a description of property may be so deficient as to be no description at all and this constitutes a substantive jurisdictional defect. On the other hand it was held that a defect in the description of property under Art. 21.09 must be raised by a motion to quash. The property description before the Court then was "wall paneling." The property description in the case at hand being "gasoline," we hold that the same rule applies. The defect in description, not having been raised by a motion to quash, may not be raised for the first time in this appeal. Ground of error number one is overruled.

■ Appellant alleges in his second ground of error that the trial court erred in finding the appellant guilty due to a fatal variance between the allegations of the indictment and the proof as to the manner and means of the commission of the offense. The pertinent parts of the indictment are set out above. The stipulation in pertinent part sets out the following:

"THAT I, MICHAEL GENE SANDERS, on or about the 31st of December, 1980, did then and there intentionally and knowingly appropriate property, to wit: gasoline of the value of Eight Hundred and Nine Dollars and 38/100—from Carr Oil Company, the owner thereof, without the effective consent of the owner and with intent to deprive the said owner of said property by then and there issuing and passing a check on the Farmers National Bank of Newcastle, Texas, to the said owner for the payment of Eight Hundred and Nine Dollars and 38/100—"

This stipulation was signed and attested to by the appellant and his attorney. The court consented to the appellant's waiver of jury trial, affidavit of admonitions, written waiver and consent to stipulation of testimony.

Further, the appellant's act of signing the written waiver and consent to stipulation of testimony was sufficient in and of itself to prove all of the allegations of the indictment, including the manner and means of the commission of the offense because that instrument contains the following language:

"Said defendant in person together with his counsel and the attorney representing the State of Texas, further agrees and stipulates that he, the said defendant is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment/information are true and correct, and that the acts therein alleged occurred in Young County, Texas."

It is well settled that a judicial confession, standing alone is sufficient to sustain a conviction on a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App. 1979).

We therefore hold that there is no variance between the allegations in the indictment and the proof as to the manner and means of the commission of the offense because of the appellant's admission that he is one and the same named in the indictment and that all the acts and allegations contained therein are true and correct.

Ground of error two is overruled. The judgment is affirmed.