ACCEPTED
06-14-00169-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/5/2015 10:19:22 AM
DEBBIE AUTREY
CLERK

CAUSE NO. 06-14-00169-CR

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/8/2015 2:40:00 PM
DEBBIE AUTREY
Clerk

_____

**STEPHEN W. PENDERGRASS, Appellant**

**VS.**

**THE STATE OF TEXAS, Appellee**

TRIAL COURT CAUSE NO. F14437
IN THE 115TH JUDICIAL DISTRICT COURT
MARION COUNTY, TEXAS

**STATE'S APPELLATE BRIEF**

Submitted by:

Angela Smoak
Marion County Attorney
102 W. Austin, Room 201
Jefferson, Texas  75657
(903) 665-2611
Fax (903) 665-3348
State Bar #00797466

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................ i

INDEX OF AUTHORITIES .................................................. ii

STATEMENT OF THE CASE ................................................ 1

STATEMENT OF FACTS ..................................................... 1

REPLY TO APPELLANT'S ISSUE NUMBER ONE ..................... 2

      THE INDICTMENT IS NOT FUNDAMENTALLY DEFECTIVE IN FAILING TO ALLEGE THE NAME OF THE PERSON TO WHOM APPELLANT DELIVERED A CONTROLLED SUBSTANCE.

CONCLUSION AND PRAYER ................................................ 5

CERTIFICATE OF SERVICE ................................................ 6

CERTIFICATE OF COMPLIANCE .......................................... 6

# INDEX OF AUTHORITIES

Cases:                                                                Page:

Bodin v. State, 807 S.W.2d 313, 318
     (Tex. Crim. App. 1991) ....................................................  3

Harris v. State, 587 S.W.2d 429
     (Tex. Crim. App. Panel No. 2, 1979) ...............................  3


Statutes:

Rule 508 of the Texas Rules of Evidence .................................  3

## STATEMENT OF THE CASE

Appellant entered a plea of guilty on October 28, 2013, and received deferred adjudication for five years on an indictment alleging the state jail offense of Delivery of a Controlled Substance on or about July 25, 2012. [CR 1,2] At such plea, Appellant signed and agreed to the entry of the stipulation of evidence and judicially confessed to committing the offense exactly as charged within the indictment. [CR1-3] No pretrial motions were filed. The State's Motion to Proceed with an Adjudication of Guilt was filed on April 20, 2014. [CR 14-15] Appellant entered a plea of true to the five violations alleged against him in the Motion. [RR 4-6] The trial court heard evidence and adjudicated Appellant and sentenced him to fifteen months confinement in State Jail on September 15, 2014. [CR 1] Appellant gave timely notice of appeal on September 17, 2014. [CR 19]

## STATEMENT OF FACTS

Appellant pled true to all of the violations alleged in the State's Motion to Proceed with an Adjudication of Guilt. [RR 5-6] Appellant testified at the hearing on the State's Motion and offered excuses as to why he violated the terms and conditions of his deferred adjudication. [RR 7-10]

- 1 -

# REPLY TO APPELLANT'S ISSUE NUMBER ONE

## APPELLANT'S ASSERTION

Is the indictment fundamentally defective because it fails to allege the name of the person to whom appellant is alleged to have delivered a controlled substance so as to be used in the future to bar additional prosecution for the same offense?

## STATE'S REPLY

**THE INDICTMENT IS NOT FUNDAMENTALLY DEFECTIVE IN FAILING TO ALLEGE THE NAME OF THE PERSON TO WHOM APPELLANT DELIVERED A CONTROLLED SUBSTANCE.**

## SUMMARY OF THE ARGUMENT

The indictment is not fundamentally defective in that a specific person was identified by confidential informant number. Further, Appellant stipulated to the indictment and failed to file any motions requesting the identity of the named confidential informant and wholly failed to meet his burden necessitating the disclosure of the informant's identity.

## ARGUMENT AND AUTHORITIES

Appellant argues that the indictment is fundamentally defective as it alleged not a name but a confidential informant number as the person to whom Appellant transferred a controlled substance. The reference,

"confidential informant #7-25-12" is not general at all but in fact references a person in regularly kept records and is customary in the indictment of delivery of drug cases such as these.

Specifically, Appellant urges that <u>Harris</u> should apply to names in an indictment to insure the sufficiency of the instrument to be used to prevent further prosecution for the same offense.  <u>Harris v. State</u>, 587 S.W.2d 429 (Tex. Crim. App. Panel No. 2, 1979)  Since the person named is a specific confidential informant, numbered in the indictment, and references a person in regularly kept records, it seems unlikely, if not impossible, to charge Appellant for the same offense, on the same date, with the same person all alleged in the indictment.

Appellant further fails to recognize Rule 508 of the Texas Rules of Evidence which would entitle Appellant to the identity of informant.  The defendant has the threshold burden of demonstrating that the informant's identity must be disclosed.  <u>Bodin v. State</u>, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991)  To carry this burden, the defendant must present evidence, but cannot rely on mere conjecture or speculation.  <u>Id.</u>

In the case at bar, no motion requesting such information was ever filed and no evidence was presented that would require the disclosure of the

informant set out in the indictment. In fact, no objection was ever made by Appellant to the indictment itself and moreover, Appellant signed the stipulation of evidence and agreed to its entry which specifically stated that defendant judicially confessed to the offense "exactly as charged within the indictment." [CR 4]

Now comes Appellant complaining of the indictment for the first time on appeal. Appellant had countless opportunities to request the complained of information but only now requests the identity of the confidential informant. Essentially, Appellant has lain behind the log for the duration of this case and only objected now on appeal after failing to avail himself of every opportunity presented to him prior to appeal.

The argument made by Appellant would require this Court to apply the ruling in Harris v. State to confidential informants where it has never before been applied. Such application would only serve to allow defendants to neglect every opportunity to request the complained of information. Those remedies are available for a reason and application of Harris would certainly make those remedies unnecessary in future cases and would certainly not contribute to judicial economy in any form or fashion.

Appellant's issue number one should be overruled.

## CONCLUSION AND PRAYER

Wherefore, upon the issue presented, the State prays that the judgment of the trial court be in all things affirmed.

Respectfully submitted,


s/Angela Smoak
Angela Smoak
Marion County Attorney
102 W. Austin, Room 201
Jefferson, Texas  75657
(903) 665-2611
(903) 665-3348 (fax)
State Bar # 00797466
angela.smoak@co.marion.tx.us

## CERTIFICATE OF SERVICE

I hereby certify that a copy of State's Appellate Brief was served on James P. Finstrom, Attorney for Appellant, pursuant to the Rules on this the 5th day of January, 2015.

/s/  Angela Smoak
Angela Smoak


## CERTIFICATE OF COMPLIANCE

I certify that this Brief filed electronically on this the 5th day of January, 2015 complies with T.R.A.P. Sec. 9.4(i)(2)(B) and contains 1079 words.

/s/  Angela Smoak
Angela Smoak