SAMPLE, WALLACE, Associate Judge.
This is an appeal from a conviction of robbery.
At the commencement of the trial the trial judge denied a motion for continuance, the basis of which was a newspaper article which appellant believes inflammatory and prejudicial to his rights. Except for a copy of the news article, which appeared on page 7 of a local newspaper, this court has no record from which to draw any conclusion of fact or law. The news article itself, standing alone, does not justify a new trial under the decisions cited by appellant (Estes v. State of Texas, 1965, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543; Shepphard v. Maxwell, 1966, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600) in which the defendant, in each case, was subjected to nation-wide publicity prior to and during his trial and also harassment in and about the courtroom by television crews, radio broadcasters, reporters, columnists, photographers and the like.
We have no way of knowing what arguments were presented to the trial judge in support of the motion for continuance. We have no way of knowing what took place during voir dire examination of the jurors — whether any of them had read the article; whether any had formed opinions because of it; whether any difficulty was encountered in selecting impartial jurors; whether appellant used all his peremptory challenges; whether any juror, or jurors, should have been excused for cause because of the news article. The rulings of the trial judge came to this court with a presumption of correctness, and nothing appears in this record to overcome this presumption.
We have carefully examined the record concerning alleged improper conduct of the prosecutor in the examination of witnesses and in his summation and find no reversible error.
The other question brought here for review concerns the sufficiency of the evidence to sustain the verdict of guilty. The *10 evidence against appellant, that is, the evidence connecting him with the robbery, is circumstantial.
A detailed recitation of the factual situation leading to appellant’s arrest and subsequent conviction would serve no worthwhile purpose. The record contains ample evidence to sustain the conviction. The trial judge properly charged the jury on the subject of circumstantial evidence, and it was within the province of the jury to reject the testimony of appellant and his witnesses by whom he sought to establish an alibi.
Affirmed.
WALDEN, C. J., and ANDREWS, J., concur.