Peter MARTIN, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Respondent-Appellee.

No. 28619

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 18, 1970.

Rehearing Denied July 8, 1970.

Peter Martin, pro se.

Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Peter Martin appeals from the district court's denial of his petition for a writ of habeas corpus, complaining of the denial of due process of law in his state trial for robbery. He contends that error of constitutional dimensions occurred when the prosecutor improperly used an FBI report while attempting to impeach an alibi witness, and when the prosecutor commented on appellant's five prior felony convictions during closing argument. We find no authority to support these contentions; accordingly, the decision of the district court is affirmed.[1]

The first contention relates to the prosecutor's conduct in attempting to impeach appellant's brother, an alibi witness. He argues that the prosecutor improperly displayed an FBI "rap" sheet in front of the jury. It appears from the record that the prosecutor did read from the report when examining the witness. However, as the state points out, the source of the report was not revealed in the presence of the jury.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

In addition, Martin's brother admitted to one prior felony conviction and to juvenile convictions—all or some of which were apparently listed in the FBI report. The authorities presented convince us that the prosecutor's conduct could possibly be considered as improper under state law [2] in appropriate circumstances. However, we do not sit as a "super" state supreme court.[3] We have been presented with no authority for the proposition that the prosecutor's conduct amounts to a denial of due process. It has been stated, repeatedly and correctly:

> The due process of law clause in the Fourteenth Amendment does not take up the statutes of the several states and make them the test of what it requires; nor does it enable this court to revise the decisions of the state courts on questions of state law. What it does require is that state action, whether through one agency or another, shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions and not infrequently are designated as 'law of the land'. Those principles are applicable alike in all the states and do not depend upon, or vary with local legislation. [Citations omitted][4]

 Martin's second contention relates to the prosecutor's comments during final argument. He insists that he was denied due process of law when the prosecutor stated that he had five prior felony convictions. The state points out that this fact had been brought out during the cross-examination of Martin and that the prosecutor's remark was made in response to defense counsel's statement that Martin might be a "bad boy" but was not a robber. We seriously

doubt that such conduct on the part of the prosecutor was error under state law as contended by Martin; again, we find no authority for the proposition that it is a violation of due process of law.

Affirmed.

2. *See* F.S.A. § 90.08; McArthur v. Cook, 99 So.2d 565 (Fla.1957); Mead v. State, 86 So.2d 773 (Fla.1956); Miller v. State, 67 So.2d 327 (Fla.1953); Thomas v. State, 59 So.2d 517 (Fla.1952).

3. If these contentions involve such glaring errors of state law, it is not shown why they were not presented on Martin's di-

rect appeal in the state courts. *See* Martin v. State, 195 So.2d 9 (Fla.App. 1967), cert. denied Martin v. State, 201 So.2d 551 (Fla.1967).

4. Herbert v. Louisiana, 272 U.S. 312, 316, 47 S.Ct. 103, 104, 71 L.Ed. 270 (1926). *See* Flagler v. Wainwright, 423 F.2d 1359 (5th Cir. 1970).