**Jean GENTRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65430.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 12, 1980.

David L. Botsford, Dallas, for appellant.

Henry M. Wade, Dist. Atty. and Karen Chilton Beverly, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction of theft of property with value of at least $20.00 but less than $200.00. An information charging the commission of the offense stated, in pertinent part, that appellant "... did unlawfully and intentionally appropriate property, namely: merchandise, the exact name and number and kind of which is unknown to the affiant ..." Appellant filed a motion and supplemental motion to quash the information complaining of the italicized language set out above. Specifically, she contends that the description of the "merchandise" contained in the information was insufficient notice to allow the preparation of a defense.

The issue before this Court, correctly stated by appellant, is whether an allegation of theft of "merchandise," which by itself is fundamentally defective,[1] is rendered sufficiently specific to withstand a motion to quash by a further allegation that the exact name, kind, and number of the merchandise is unknown. It is appellant's position that "merchandise" is not a "general classification" as that term is employed by Art. 21.09, V.A.C.C.P.; he relies primarily on *Rhodes v. State*, 560 S.W.2d 665 to support this contention.

Article 21.09, supra, addresses three distinct situations, the first two of which are pertinent here. The statute first deals with personal property the precise description of which is known: "If *known*, personal property alleged in an indictment shall be identified by name, kind, number, and ownership." (Emphasis added.) The second sentence deals with personal property where the name, kind, number, and ownership is *unknown*: "When such is *unknown*, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice." (Emphasis added.)

In *Rhodes v. State*, 560 S.W.2d 665, we dealt with theft offenses involving personal property, a precise description of which was known, that is, the first part of Art. 21.09, supra. Under those circumstances we noted that the term "merchandise" alone in a theft indictment is so general and non–descriptive as to constitute no allegation of the property stolen. In the case before us a precise description of the property was not known, as that fact was recited in the information. We find that for the purposes of the second part of Art. 21.09, supra, the description in the information before us is sufficient to withstand a motion to quash. We therefore sustain the State's contention that the description of the property used in the information in question is authorized by Art. 21.09, supra.

Finding no reversible error, the judgment is affirmed.

ROBERTS, J., dissents.

---

1. *Willis v. State*, 544 S.W.2d 150.