John D. DOESCHER,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 81–1351
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1982.
Rehearing Denied March 3, 1982.

John D. Doescher, pro se.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, POLITZ, and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

John D. Doescher, the appellant, was convicted of aggravated robbery of a supermarket and received a seventy-five year sentence. On direct appeal the judgment was affirmed. *Doescher v. State*, 578 S.W.2d 385 (Tex.Crim.App.1978).

### The Procedural Posture

On his direct appeal, appellant contended among other matters, that a search warrant under which fruits of the crime were found in his residence, was fraudulently obtained by the use of two false statements in the supporting affidavit. The first was a statement that two eyewitnesses had identified appellant's photograph as being that of the robber, whereas only one eyewitness had actually done so at that time. The record discloses that the other of the two eyewitnesses who actually identified the photo did so the day after the warrant was issued.

The other alleged false statement was that appellant's wife, after having been arrested, stated that part of the money taken in the robbery was at the family residence. It was claimed that the warrant was issued by 8:00 or 8:30 p. m. whereas Mrs. Doescher allegedly was not arrested until after 9:00 a. m.

The state trial judge had directed counsel not to look behind the four corners of the affidavit itself in accordance with the then applicable Texas law. *Phenix v. State*, 488 S.W.2d 759, 765 (Tex.Crim.App.1972). So the trial court made no findings as to whether the affidavit contained untrue statements. The Court of Criminal Appeals did not make specific fact findings on the issue but reaffirmed the "four corners" doctrine. *Doescher v. State*, 578 S.W.2d 385, 387 (Tex.Crim.App.1978). This decision was handed down on September 27, 1978.

In the meantime, on June 26, 1978 the United States Supreme Court had decided *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) which invalidated the "four corners" doctrine where false statements are allegedly contained in the affidavit supporting a search warrant. The Court held that if the alleged false state-

ments are necessary to the finding of probable cause, the defendant is entitled to a hearing on the allegations of falsity. *Id.* at 171, 98 S.Ct. at 2684. At the hearing the defendant must establish by a preponderance of the evidence that a false statement was included knowingly and intentionally, or with reckless disregard for the truth, in addition to the requirement that the false statement contains information necessary to the finding of probable cause. If this burden of proof is carried, the warrant is void and the fruits of the search are excluded. *Id.* at 156, 98 S.Ct. at 2676.

Upon his conviction being affirmed, Doescher brought a habeas corpus proceeding in the federal courts. This Court, on appeal, remanded for dismissal of his petition for failure to exhaust state remedies. *Doescher v. Estelle,* 616 F.2d 205 (5th Cir. 1980). In the course of our opinion in that case we stated that if the Texas courts provided him with "a full and fair determination" of the issues in the state habeas corpus petition then the rule of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) would bar federal habeas relief on his Fourth Amendment claim. *Id.* at 207.

Appellant then filed a habeas petition in the state courts asserting the *Franks* claim. The trial court denied relief without a hearing on grounds that petitioner's contentions had been adequately dealt with in the direct criminal appeal. A judge of the Court of Criminal Appeals denied the writ without written order on the trial court's findings.

■ Appellant then filed the habeas petition in the federal court which is the sub-ject of this appeal. The magistrate found that it was not barred by the rule of *Stone v. Powell* because the state court had not provided appellant with a full and fair determination of his claim as required by this court in our earlier opinion, 616 F.2d at 207. This earlier decision is the "law of the case." *White v. Murtha,* 377 F.2d 428 (5th Cir. 1967). Recognizing this rule we then must inquire if *Williams v. Brown,* 609 F.2d 216 (5th Cir. 1980) bars relief. This is one of the important issues in the case.

In *Williams v. Brown,* we held that *Stone v. Powell* will act to bar a Fourth Amendment claim even though the state court made an error in deciding the merits of the defendant's claim or made a procedural mistake that thwarted the presentation of the Fourth Amendment claim.

■ Whether or not the state court made a procedural error which thwarted presentation of the claim, or made an erroneous decision on the merits, the law of the case required a "full and fair determination" of the claims in the state court. The record shows that such a full and fair determination was not made. It follows that the magistrate and the district court were correct in deciding that *Stone v. Powell* does not bar consideration of Doescher's claim in this case.

### The Merits of the Claim

■ Since the district court adopted the magistrate's findings and conclusions in full, we refer directly to the magistrate's conclusion as subject to our review. The magistrate found that the statement in the affidavit [1] that two eyewitnesses had identi-

---

1. The pertinent portion of the affidavit reads:
   "MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:
   I Officer D. H. Pfeifer, a police Detective for the city of Grand Prairie, have been investigating the aggravated robbery of the Buddies Supermarket on N. Carrier in Grand Prairie.
   During the investigation officers found a white pick-up truck used in the robbery and positively identified by an eyewitness to the robbery as being used in the robbery.

   A witness who knows John Doescher personally has stated to the affiant that, he observed Doescher drive up and park the pick-up used in the robbery where it was found. This witness saw this the night of the robbery and shortly thereafter. Two eyewitnesses of the robbery did positively identify John Doescher's photograph as being the robber. This identification occurred on this date of 1–9–75. The address to be searched is the address of John Doescher and Doescher has even listed this as his address with his parole officer. Doescher is presently on parole for robbery

fied appellant's photo as that of the robber was not necessarily false. One of the identifications was quite clear and was made before the affidavit supporting the search warrant was made. The record shows that the second eyewitness who identified the photo did so the day after the warrant was issued. But the magistrate concluded that there was other eyewitness identification which supported the substance of the eyewitness claim. There was general testimony of other eyewitnesses who had seen parts of the robbery episode. Further, one of the officers said that another eyewitness, unidentified, had told the officers that he had seen the robber making his getaway. But this evidence was excluded as hearsay.

We cannot fault the decision of the magistrate and the district court that as to this particular claim the presumption of validity attaching to the affidavit outweighs the allegedly false statement that there were two eyewitnesses who had identified the robber from photos, even though apparently only one had done so before the search warrant was obtained and the other did so the next day.

The magistrate did conclude that the proffer of evidence concerning the alleged falsity of the statement in the affidavit attributed to the appellant's wife was sufficient to justify a hearing on the issue if it was necessary to establish the adequacy of the affidavit. The magistrate and the district court concluded, however, that the reference to Mrs. Doescher's statement could be deleted entirely from the affidavit and the warrant would still contain sufficient information for a finding of probable cause to search the Doescher residence.

We are not disposed to quarrel with the conclusion of the magistrate and the district court on this latter assertion, although we see the issue as close. The likelihood that this was an intentional falsehood just because there was a dispute of from one-half hour to an hour as to the time involved is not very great. But when the fact is added that Mrs. Doescher maintains that she never said anything to any public official about part of the money taken in the robbery being in the residence, a sufficient issue, based upon the credibility of Mrs. Doescher, can be said to have been raised to justify the hearing.

The critical point, however, is that the affidavit was adequate without either of the two allegedly false statements. In addition to the positive identification of one eyewitness before the search warrant was obtained, another witness who knew John Doescher had stated that he had observed Doescher drive up and park the pickup where it was found after the robbery. This pickup was identified by another eyewitness to the robbery as having been used in the robbery. The police detective making the affidavit had observed Doescher entering and leaving his residence, and Doescher had listed the address of his residence with his parole officer. The license plate on the pickup used in the robbery revealed that the pickup was registered to a man named Taggert at the same address, and the affiant knew that Taggert was a friend of Doescher.

Finally, an anonymous informant had telephoned the police detective and stated that John Doescher had robbed the store and had the gun and bag used in the robbery at his home.

■ Of course, we do not rely wholly upon the informer's tip. There must be additional information, although the informer's tip can act as a makeweight. *U.*

and has been seen by the affiant entering and leaving 2038 Fort Worth Street on several occasions within the past two weeks. The license plate on the pick-up used in the robbery is registered to a man named Taggert at 2038 Fort Worth Street and the affiant knows Taggert to be a friend of Doescher.

On 1–9–75 person or persons unknown called the affiant by phone and stated 'that John Doescher robbed the Buddies store and has the gun and bag used in the robbery at 2038 Fort Worth Avenue at this time.'

Mrs. John Doescher, after being arrested and warned of her rights by officers, stated that part of the money taken in the robbery is at 2038 Fort Worth Street, Grand Prairie, Texas."

*S. v. Squella-Avenado,* 447 F.2d 575, 580 (5th Cir. 1971), *cert. denied,* 404 U.S. 985, 92 S.Ct. 450, 30 L.Ed.2d 369 (1971). Here the additional information set out in the affidavit was corroborative of the informer's tip and directly related to it. *Whiteley v. Warden,* 401 U.S. 560, 567, 91 S.Ct. 1031, 1036, 28 L.Ed.2d 306 (1971). We have also held that evidence that a defendant has stolen material which one would normally expect him to hide in his residence will support a search of his residence. *U. S. v. Maestas,* 546 F.2d 1177, 1180 (5th Cir. 1977). In that case we also said "It is axiomatic that an affidavit for search warrant is to be interpreted in a common sense and realistic manner, and the magistrate's finding of probable cause should be sustained in doubtful or marginal cases." *Id.* at 1180. We do not weigh each individual layer of information but the "laminated total". *United States v. Edwards,* 577 F.2d 883, 895 (5th Cir. 1978) (en banc), *cert. denied,* 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978).

We agree with the conclusion of the district court and the magistrate that this search warrant was based upon more than a mere suspicion and was clearly in compliance with the probable cause requirement of the Fourth Amendment, in spite of the alleged false statements in the affidavit.

### *Was There Objection to the Magistrate's Report?*

As far as the record reveals, appellant failed to object to the magistrate's report, although a copy of it was mailed to him fifty-eight days prior to the adoption of the report by the district court. We have held that failure to object to the magistrate's report and recommendations prior to the district court's acceptance of them constitutes a waiver of the right to appeal the recommendations contained in the report and approved. *U. S. v. Lewis,* 621 F.2d 1382 (5th Cir. 1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981); *Nettles v. Wainwright,* 656 F.2d 986 (5th Cir. 1981), pending on en banc.

Neither party raised this issue in this appeal. There was no claim made by the government that Doescher had waived his claims under this rule for failure to file objections to the magistrate's report. In view of the fact that the issue has not been raised, it is at least possible that the record is not wholly accurate on this matter. At this stage of the case it seems unnecessary to remand to the district court to ascertain whether the record accurately establishes the fact that objection to the magistrate's report was not made. To avoid undue delay, and in the light of the fact that the parties did not raise the issue, we have reached conclusions which make such an inquiry now irrelevant.

AFFIRMED.