Norman P. BILLIOT, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, and William J. Guste, Attorney General of the State of Louisiana, Respondents-Appellees.

No. 82–3185
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1982.

---

John L. Carroll, Montgomery, Ala., for petitioner-appellant.

James L. Alcock, Asst. Dist. Atty., Houma, La., for respondents-appellees.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Norman P. Billiot, a Louisiana state prisoner serving a life sentence for murder, appeals a denial of habeas relief under 28 U.S.C. § 2254. He contends that his arrest was illegal, an inculpatory statement introduced into evidence at trial was "poisoned fruit," the jury was improperly denied access to certain evidence, and he should have been permitted an opportunity to object to the federal magistrate's report. Finding no error, we affirm.

On October 13, 1975, police discovered an abandoned cab in rural Terrebonne Parish, Louisiana. An investigation of the cab's interior disclosed evidence of foul play. After discovering Billiot was the missing driver's last known fare, deputies interviewed him, requested and were given the clothing he wore the previous day and night, and transported him to the sheriff's office for further questioning. *Miranda* warnings were administered and in the course of interrogation Billiot confessed to the murder. On suggestion that the victim might still be alive, Billiot led the officers to the body.

Pretrial motions to suppress the clothing and confession were denied by the trial judge after an evidentiary hearing. Billiot's defense was based on chronic alcoholism; he offered an autobiography focusing on this difficulty and the testimony of a psychiatrist who relied, in part, on the autobiographical material. The written material was allowed in evidence but was not submitted to the jury pursuant to the dic-

tates of Article 793 of the Louisiana Code of Criminal Procedure.[1]

█ Billiot's conviction was upheld by the Supreme Court of Louisiana, *State v. Billiot,* 370 So.2d 539 (La.1979), *cert. denied, Billiot v. Louisiana,* 444 U.S. 935, 100 S.Ct. 284, 62 L.Ed.2d 194 (1979). After thus exhausting state remedies, Billiot filed a *pro se* application for federal habeas relief. Finding no fourth amendment or due process violations,[2] the magistrate to whom the case had been referred recommended dismissal of the application. Because the district court adopted the magistrate's report in full, we refer directly to the findings and conclusions delineated therein as subject to our review. *Doescher v. Estelle,* 666 F.2d 285 (5th Cir.1982).

### Arrest—Confession

█ Billiot contends that his arrest was without probable cause and his confession should therefore have been excluded under the fourth amendment. *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Even assuming the truth of petitioner's allegations regarding the illegality of his arrest, however, we may not address the merits thereof. Federal courts possess no authority in habeas proceedings to scrutinize a state court's application of fourth amendment principles absent a showing that the petitioner was denied a full and fair opportunity to litigate a claim arising out of a putatively illegal search or seizure. *See Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Llamas-Almaguer v. Wainwright,* 666 F.2d 191 (5th Cir.1982); *Doescher v. Estelle,* 666 F.2d 285 (5th Cir. 1982); *Morgan v. Estelle,* 588 F.2d 934 (5th Cir.1979).

1. That article provides:

    A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any

We are satisfied, upon an independent evaluation of the state court record, that Billiot's opportunity to contest the introduction of incriminating evidence resulting from his arrest was not circumscribed. *See Joshua v. Maggio,* 674 F.2d 376 (5th Cir. 1982). Relitigation of this issue in a federal habeas forum is thus foreclosed.

### Due Process

Billiot contends that his trial was fundamentally unfair because the trial judge denied the jury access to his autobiography detailing his battles with alcoholism. We are not persuaded.

█ We have repeatedly admonished that "we do not sit as a 'super' state supreme court" in a habeas proceeding. *Martin v. Wainwright,* 428 F.2d 356, 357 (5th Cir.1970). *See Meyer v. Estelle,* 621 F.2d 769 (5th Cir.1980); *Cronnon v. State of Alabama,* 587 F.2d 246 (5th Cir.1979); *Alvarez v. Estelle,* 531 F.2d 1319 (5th Cir.1976), *cert. denied,* 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977). The propriety of a state court's conduct of a criminal trial is ordinarily a matter of state law and procedure. Our review is accordingly limited to a determination whether the trial was so fundamentally unfair as to deprive the habeas petitioner of due process. *See Meyer v. Estelle. See also Lane v. Jones,* 626 F.2d 1296 (5th Cir.1980), *cert. denied,* 450 U.S. 928, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981).

█ Billiot argues that the autobiography was crucial to his defense and that its absence from the jury room influenced the jurors' determination of guilt. This argument is belied by the trial record. Much of the defense psychiatrist's testimony was based on the autobiography. Billiot does not take issue with the Louisiana Supreme Court's synopsis of the trial proceedings, which reflects that:

> object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.

2. Several other grounds initially urged are not raised on appeal, and are therefore deemed waived. *Sparkman v. Estelle,* 672 F.2d 559 (5th Cir.1982).

Defendant was permitted wide latitude in the direct examination of its witnesses on the subject of Billiot's alcoholism. Dr. Weisman testified to Billiot's protracted and heavy use of alcohol. In that opinion, more than in Billiot's self-serving history lay the greatest hope of the defense for establishing lack of specific intent to murder.

370 So.2d at 546–47. It is apparent that the physical autobiographical material was merely cumulative. Thus any error inherent in withholding this evidence from the jury following the submission of the case did not violate due process minimums. *See Daniels v. Maggio,* 669 F.2d 1075 (5th Cir. 1982).

*Objections to Magistrate's Report*

■ Billiot's final argument on appeal relates to the trial court's refusal to grant a motion under Fed.R.Civ.P. 60(b) allowing him to file objections to the magistrate's report, and to thereafter consider such objections. We have exercised our appellate, supervisory prerogative, consistent with the teachings of the en banc court in *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982), and have considered Billiot's complaint. No new fact dispute or legal contention is identified therein. On close review it is apparent that the district judge re-examined the magistrate's report and recommendations and found them consistent with controlling law. *Braxton v. Estelle,* 641 F.2d 392 (5th Cir.1981). We do likewise. This objection is moot.

The judgment of the district court is AFFIRMED.