**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David W. MAGEE, Defendant-Appellant.**

**No. 84–1038**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 7, 1984.

---

David Magee, pro se.

Edward C. Prado, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

Appellant David Magee is serving a 10-year sentence for unlawful transfer and

concealment of assets in contemplation of bankruptcy, in violation of 18 U.S.C. § 152, and failure to report transportation of more than $5,000 currency into the United States, in violation of, *inter alia,* 31 U.S.C. §§ 1059, 1101. His conviction was affirmed on direct appeal. *United States v. Magee,* 683 F.2d 1371 (5th Cir.1982) (unpublished). Magee then moved to vacate the sentence, filing a petition pursuant to 28 U.S.C. § 2255. The trial court approved the United States Magistrate's findings and denied Magee's motion. On appeal, Magee raises two of the seven issues he urged in the court below: the alleged denial of counsel at his hearing on a motion for new trial and an alleged violation of his *Miranda*[1] rights.[2] For the reasons set out below, we affirm the judgment of the district court.

## I.

Magee argues that he was not represented by effective counsel at his hearing on motion for new trial because his retained attorney had been dismissed and his appointed attorney was too unfamiliar with the new trial motion to present it effectively. Retained counsel Stenberg, who had filed the motion for new trial, was present at the hearing and prepared to argue it. At the hearing, Stenberg informed the court that Magee wanted to dismiss him. After consulting Magee, the court granted Stenberg leave to withdraw and appointed the public defender, Brake, as new counsel. Brake was present at the hearing and was aware of Magee's dilemma about counsel. However, not only was Brake unprepared to argue the motion, but he also could not say when or if he would be prepared. Stenberg being prepared to argue the motion, the court allowed him to do so and then denied it. The judge agreed to defer sentencing until Magee could consult with new counsel about the presentencing report.

We discern no deprivation of Magee's Sixth Amendment rights. Assuming *arguendo* that a hearing on a motion for

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. The other issues are therefore deemed waived, *see Billiot v. Maggio,* 694 F.2d 98, 100 n. 2 (5th Cir.1982).

new trial is a critical stage of the proceedings at which a defendant is entitled to representation of counsel, *see generally United States v. Wade*, 388 U.S. 218, 224–25, 87 S.Ct. 1926, 1930–31, 18 L.Ed.2d 1149 (1967), Magee received effective representation here. The right to counsel guaranteed by the Sixth Amendment does not include the absolute right to counsel of the defendant's choice. *United States v. Snyder*, 707 F.2d 139, 145 (5th Cir.1983). Further, it is within the judge's discretion to deny a change of counsel on the morning of trial if the change would require a continuance. *See, e.g., Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir.1982).

While it might be argued that technically Magee lacked representation of counsel because his retained counsel had been dismissed prior to the hearing, we believe it more accurate to view these proceedings as consisting of a dismissal followed by a temporary reappointment for the purposes of this hearing. Although it was perhaps incautious of the district court to dismiss retained counsel before making sure that other counsel was available for this hearing, we find that any procedural gaffe in this regard in no way denied Magee representation.[3] The motion principally raised issues argued at trial. Magee's retained counsel, who was intimately familiar with these issues, effectively argued the motion. In short, Magee received able representation at the hearing. Indeed, Magee points to no claimed deficiency in Stenberg's performance, preferring to rely solely on the fact that his newly-appointed counsel of record was unprepared to argue the motion.

Under these circumstances, we hold that the district court was correct in finding no violation of Magee's Sixth Amendment rights.

## II.

In his *pro se* brief on appeal, Magee alludes to the failure of customs agents to give him *Miranda* warnings before questioning him about a declaration form—an issue that was addressed and rejected on direct appeal. Magee argued in his district court pleadings that the issue should be re-examined because the trial court failed to make specific findings of fact denying his motion to suppress, thereby restricting this Court's review on direct appeal. On appeal, however, we noted that it was clear that the trial court had made a credibility choice in favor of the customs agents and against Magee: the absence of detailed findings of fact do not provide sufficient reason to re-examine the issue in this case. *Cf. Sanders v. United States*, 373 U.S. 1, 15–16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) (issue may be raised a second time under § 2255 if ends of justice would be served).

The judgment of the district court is AFFIRMED.

---

**3.** Having once dismissed retained counsel and discovered that the public defender was unprepared, the district court was faced with limited options. Presumably he could have granted a continuance to allow Brake to prepare argument on the motion filed by Stenberg, but it is hard to see how this would have benefited Magee or the court—as the judge noted, most of the issues raised by the motion had been raised and addressed during trial.