[redacted]

**Eddie J. ROBERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6-87-005-CR.**

Court of Appeals of Texas, Texarkana.

Nov. 17, 1987.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

A Yes.

David William Cartner, Marshall, for appellant.

Richard Berry, Marshall, for appellee.

BLEIL, Justice.

Eddie Roberson appeals his conviction for theft. Roberson maintains that the trial court erroneously denied his attorney's motion to withdraw and that he was denied a speedy trial. Roberson also complains that the indictment contained several defects, that the trial court admitted prejudicial hearsay evidence over his timely objection, and that the jury charge on enhancement of punishment was based on insufficient allegations and evidence. Because we agree that the evidence giving rise to the enhancement of his sentence was insufficient, we reverse and remand this case.

A grand jury indicted Roberson for theft as a result of passing a worthless check in exchange for merchandise sold in a store. The charged offense, otherwise a misdemeanor, was upgraded to a third degree felony because of two prior misdemeanor theft convictions under Tex.Penal Code Ann. § 31.03(e)(4)(C) (Vernon Supp.1987), which punishes a third theft offense as a felony regardless of the value of the property stolen. After he was convicted of the third theft offense, Roberson's sentence was enhanced by two prior felony convictions under the habitual criminal statute. Because of the enhancement, the jury assessed punishment at life imprisonment.

Roberson contends that the trial court erred in denying his attorney's motion to withdraw and in requiring him to proceed to trial. We disagree. The Sixth Amendment guarantee of right to counsel does not include the right to appointed counsel of defendant's choice. *United States v. Norris*, 780 F.2d 1207 (5th Cir. 1986); *United States v. Magee*, 741 F.2d 93 (5th Cir.1984). Roberson's attorney provided competent representation and a vigorous defense, and Roberson has shown no harm as a result of the denial of the motion to withdraw.

Roberson asserts that he was denied his right to a speedy trial under the Texas Speedy Trial Act, Tex.Code Crim. Proc.Ann. art. 32A.02 (Vernon Supp.1987). Effectively, this Act no longer exists as the Texas Court of Criminal Appeals recently declared it unconstitutional. *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987). During his oral argument, Roberson asserted his right to a speedy trial under the United States Constitution. Roberson was arrested on August 15, 1986, and his conviction became final on January 21, 1987, five months later. We disagree with Roberson's contention that this time period

denied a speedy trial under United States Constitutional standards. Considering the short length of delay from restraint to trial, the lack of a showing of any oppressive motives on the part of the government, the lack of a showing of impairment to defense of the charges and all other circumstances, we conclude that Roberson was not denied a speedy trial. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ Roberson raises several defects with respect to the indictment. He contends that the indictment inadequately described the stolen property. The relevant portions of the indictment alleged that Roberson "did then and there ... appropriate ... merchandise the exact name and number and kind of which is unknown to the Grand Jury...." Roberson complains that the general description "merchandise" is vague and fails to give him sufficient notice to enable him to prepare his defense. We disagree. Tex.Code Crim.Proc.Ann. art. 21.09 (Vernon Supp.1987) states, "[i]f known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice...." Although the term "merchandise" alone is so insufficient as to amount to no description, *Richard v. State,* 563 S.W.2d 626 (Tex.Crim.App.1978), it is a sufficient description where name, kind, number and ownership of stolen property are unknown and that fact is stated in the indictment. *Gentry v. State,* 608 S.W.2d 643 (Tex.Crim.App.1980); *Hood v. State,* 607 S.W.2d 567 (Tex.Crim.App.1980).

■ Roberson also complains of a material variance between the allegation and proof, because the evidence fails to show that the *name, number and kind* of merchandise stolen was unknown to the grand jury after a reasonably diligent inquiry. Roberson relies on *McIver v. State,* 555 S.W.2d 755 (Tex.Crim.App.1977), in which the indictment described the murder weapons as a blunt instrument and a sharp instrument, "which were, to the grand ju-

rors, unknown." In that case, it was incumbent upon the State to prove that the grand jury, after efforts to do so, was unable to find out the kind and character of weapon or instrument used. *McIver,* 555 S.W.2d at 756. This proposition has been extended to cases in which stolen property is described in the indictment as merchandise, the exact name, number and kind of which is unknown to the grand jury. *Salazar v. State,* 711 S.W.2d 720 (Tex.App.–Corpus Christi 1986, pet. ref'd). When such an allegation is made, a variance arises only when the evidence at trial otherwise establishes the nature of the merchandise. *Salazar,* 711 S.W.2d at 725.

Roberson asserts that a material variance exists between the pleadings and the proof because the evidence showed that cash, beer, and "other stuff" was stolen. The State proved that cash and beer were stolen without having so alleged in the indictment. However, the State also proved that "other stuff" was stolen and the evidence does not reveal the exact nature of the "other stuff." The statute under which Roberson was convicted requires only that the State prove that Roberson stole property of some value. Tex.Penal Code Ann. § 31.03(e)(4)(C). Without consideration of the cash and beer, which were not alleged in the indictment, the State still proved that Roberson stole merchandise of some value. The State met its burden of proof and did not create a material variance. Since the evidence did not show a variance, it was not necessary for the State to prove reasonable diligence by the grand jury in determining the nature of the stolen merchandise.

■ Roberson contends that the trial court committed error in admitting hearsay evidence over his timely objection. Roberson complains that State's Exhibit No. 8, the check written to Short Stop, should not have been introduced as it contains the notation "RETURNED NOT PAID ... Account Closed." Tex.R.Evid. 801(d) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

At the time the check was offered into evidence, the notation was not offered to prove that the check had been returned nor that Roberson's account was closed. Thus, the evidence was not hearsay. Moreover, hearsay evidence improperly admitted over objection is reversible error only where the evidence is shown to be prejudicial to the defendant. *Goodman v. State,* 701 S.W.2d 850 (Tex.Crim.App.1985). Roberson has shown no prejudice.

■ In several points of error, Roberson urges that the State failed to allege and prove that the second felony conviction used to enhance his punishment was for an offense which occurred after the first felony conviction was final. We find that the State properly alleged that the second felony conviction was for an offense which occurred after the first felony conviction was final. The first paragraph of the indictment describes the primary offense. The second paragraph alleges two prior misdemeanor convictions. The third paragraph alleges that "prior to the commission of the aforesaid offense" Roberson was convicted of involuntary manslaughter. The fourth paragraph alleges that "prior to the commission of each of the aforesaid offenses" Roberson was convicted of robbery. This form of allegation sufficiently meets the requirement that, in order to invoke provisions of the habitual criminal statute, the indictment must allege that each succeeding conviction is subsequent to previous convictions both in point of time of commission of offense and conviction thereof. *Barnwell v. State,* 504 S.W.2d 877 (Tex.Crim.App.1974).

■ However, we agree with Roberson's contention that the State did not prove the allegation. The evidence on this point consisted of the testimony of Bonnie Legatt and an exhibit proving the second prior conviction. Legatt testified that she was present in the courtroom when Roberson was convicted of involuntary manslaughter and she identified Roberson as the person who was convicted. State's Exhibit No. 21 was authenticated copies of the judgment and sentence for Roberson's involuntary manslaughter conviction. They show that Roberson was found guilty of involuntary manslaughter on July 15, 1980, and that his punishment was assessed at fifteen years in the Texas Department of Corrections, plus a $5,000.00 fine. No showing is made —either by the testimony or the exhibit—of the date of the offense for which this conviction was obtained. Therefore, the State failed to prove that the second prior conviction was for an offense which occurred after his first prior conviction became final.

The State, however, argues that once it puts forth a prima facie showing of the two prior convictions, the burden shifts to the defendant to disprove them, citing *Diremiggio v. State,* 637 S.W.2d 926 (Tex.Crim. App.1982). However, we conclude that the State's proof falls short of a prima facie showing that the second conviction used to enhance the sentence was for an offense which occurred after his earlier conviction became final.

We are compelled to reverse and remand this case to the trial court. Upon a retrial, the conviction for the offense of involuntary manslaughter dated July 15, 1980, shall not be used for enhancement purposes.

Reversed and remanded.