[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO SURPRESS)
Following an evidentiary hearing ordered pursuant to CT Page 3360 Franks v. Delaware, 438 U.S. 154 (1978), the defendant moves to suppress evidence seized during a search of his residence. The defendant concedes that testimony presented at the hearing was not sufficient to conclude that the search warrant affidavit contained knowing falsehoods or material omissions which, as a matter of law, would render it invalid.
The defendant, however, attacks the facial validity of the warrant and asks the Court to strike certain statements contained in the affidavits because, he argues, some information resulted from an illegal intrusion by the affiant onto the defendant's property from where he made incriminating observations.
The test used by the Court to assess the validity of the warrant is that well-known standard enunciated in Spinelli v. United States, 393 U.S. 410 (1969) and Aguilar v. Texas,378 U.S. 108 (1964) — the so called "Aguilar-Spinelli" test.
That standard requires that the affidavit contain sufficient information from which the magistrate could conclude that the informant was credible and there was a satisfactory basis of knowledge of the facts alleged.
The Court finds that the affidavit is sufficient to find probable cause for the issuance of the warrant, even if the sentence in paragraph 5 which reads "Affiant Morrissey confirmed that #298 exited his vehicle in front of Kaveckas to enter the residence." is deleted.
The basis of the informant's credibility is found in paragraph 2 of the affidavit. More significantly, there is substantial corroboration by police surveillance of the initial information supplied by the informant.
The informant had information that the defendant sold cocaine from his residence. He knew the street where the residence was located, and a check of public records revealed the defendant owned a residence on the named street.
A "buy" was arranged through an unwitting informant (#298), and the police monitored her end of the conversation with a person with the same first name as the defendant. The police followed #298 and saw her go up the defendant's driveway leading to his single family home. They saw her exit down the driveway and rendezvous with the informant where she turned cocaine over to him. The conversation between the informant and the unwitting buyer was being transmitted to the police, which included a statement by the buyer that "he" or "Mike" had good coke. CT Page 3361
The affidavit, when read as a whole, satisfies the Court that there was probable cause for the issuance of the warrant. United States v. Singer, 687 F.2d 1135 (1982), Doescher v. Estelle, 666 F.2d 285 (1982).
Finally, the Court does not find that curtilage of the defendant's house extended to the street side of the tree line. The defendant house is approximately 300' to 350' up the driveway. There is a tree line planted approximately 100' from the street to the house and that 100' area is lawn. There is a wire fence around the house itself.
The tree line is thus some 200' from the house and it does not surround the residence. No extraordinary measures were taken by the defendant to protect that area below the tree line from the public. It does not appear to the Court that the area in question harbors the intimate activities associated with the sanctity of the home and the privacies reasonably expected within such area of sanctity.
For the purposes of this motion, however, the Court has analyzed the affidavit excluding the information obtained by the affiant from his position below the tree line and finds this sufficient.
The Motion to Suppress is denied.
Klaczak, J.