Opinion filed June 13, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00184-CR

_____

## TODD WILLIAM BARR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 24291A**

### M E M O R A N D U M   O P I N I O N

The jury convicted Todd William Barr of theft enhanced by two prior theft offenses and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years. *See* TEX.

PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2012). Appellant challenges his conviction in a single issue. We affirm.

*Background Facts*

Charles Ariel Meyer was the loss prevention manager at Sears at the Mall of Abilene. He observed a woman on the store's security camera system filling a shopping cart with men's clothing. Meyer believed that the woman was going to steal the items because she was not looking at the price tags on the items. He moved to a location near her inside the store while another loss prevention employee continued to observe the woman over the security camera system. The woman pushed the cart of merchandise through the first set of doors to the store without paying for them. She then left the cart in the vestibule area separating the two sets of doors to the store and entered a car parked next to the curb. Meyer then observed Appellant exit the car, enter the outside set of doors, and retrieve the cart of merchandise.

Appellant took the cart out to the car and placed the merchandise in the car's trunk. Meyer confronted Appellant at this point and asked him to return to the store. Appellant refused Meyer's request and attempted to flee in the car. He was unable to do so, however, because Meyer began pursuing him on foot. Meyer eventually chased Appellant to an apartment complex at which time officers from the Abilene Police Department arrived to detain Appellant. When the officers returned to the store, neither the woman nor the car remained there. None of the items taken from the store were recovered.

*Analysis*

In a single issue, Appellant contends that a variance exists between the offense alleged in the indictment and the evidence offered at trial with respect to the description of the stolen property. He initially frames his contention as a

challenge to the sufficiency of the evidence. However, he also asserts jury charge error and ineffective assistance of counsel within his single issue on appeal.

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.— Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A variance occurs whenever there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). In some instances, a variance between the pleading and proof can render the evidence legally insufficient to support a conviction. *See Johnson v. State*, 364 S.W.3d 292 (Tex. Crim. App. 2012). A variance that amounts to a failure to prove the offense alleged will not be tolerated. *Id.* at 295; *Byrd*, 336 S.W.3d at 246–48.

The indictment charged Appellant with stealing the following described property: "CLOTHING, the type and kind is unknown, of the value of less than fifteen hundred dollars." Appellant argues that the evidence offered at trial established that the type and kind of clothing taken was actually known. Meyer testified that he and another employee reviewed the surveillance video in an effort to determine what items were taken. He testified that they prepared a list of items that they were "completely sure" Appellant and the lady took from the store. Meyer stated that the value of the items on the list totaled $850 without tax. He further testified that they "err[ed] on the side of caution" to omit items that they "weren't absolutely sure" about. Meyer concluded by saying that he and the other employee were not certain of everything that Appellant and the lady took from the store.

The court in *Roberson v. State*, 741 S.W.2d 563 (Tex. App.—Texarkana 1987, no pet.), addressed an analogous situation. The indictment charged the defendant with stealing "merchandise the exact name and number and kind of which is unknown to the Grand Jury." 741 S.W.2d at 565. The defendant asserted that a variance existed because the evidence offered at trial showed that "cash, beer, and '*other stuff*' was stolen" thereby disproving that the alleged stolen property was unknown. *Id*. (emphasis added). The court of appeals rejected this contention on the basis that the evidence did not reveal the exact nature of the "other stuff." *Id.*

The holding in *Roberson* is applicable to the facts in this case. As noted previously, the items that Appellant took from the store were never recovered. While Meyer was able to identify some items from the video, he was not able to identify all of the items that Appellant took. Thus, the evidence offered at trial established the State's allegation that Appellant stole unknown items of clothing. Accordingly, there was no variance because evidence offered at trial supported the

4

property description alleged in the indictment. Furthermore, the evidence offered at trial was not insufficient because it did not show an entirely different offense than what was alleged in the charging instrument. *See Johnson*, 364 S.W.3d at 295; *Byrd*, 336 S.W.3d at 246–47.

Relying upon his variance argument, Appellant also contends that the jury charge was erroneous because it contained the same allegation that the stolen clothing was unknown. He asserts that trial counsel was ineffective for failing to object to this portion of the charge. Our determination that a variance did not occur is dispositive of both of these contentions. The trial court did not err in charging the jury with the same property description contained in the indictment because it was supported by the evidence. Additionally, trial counsel was not ineffective for failing to object to the property description. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (Trial counsel is not ineffective for failing to make futile objections.). Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

June 13, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.